# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 5, 2012

Lyle W. Cayce
Clerk

No. 11-10088
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REYMUNDO MENDOZA-TREJO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:08-CR-63-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Reymundo Mendoza-Trejo was previously convicted of illegal reentry and was released on a two-year term of supervision on March 8, 2008. In September 2008, Mendoza-Trejo's supervised release was revoked based on a finding that he had again illegally reentered the country, and the district court sentenced him to 18 months of imprisonment. Almost 25 months after the revocation sentence was imposed, Mendoza-Trejo appealed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mendoza-Trejo argues that the district court erred by not considering the 18 U.S.C. § 3553(a) factors when it imposed his sentence on revocation. The Government has moved for summary affirmance.

Mendoza-Trejo did not raise any claims of error when he was before the district court for sentencing. Thus, we review his claim that the district court failed to consider the factors set forth in 18 U.S.C. § 3553(a) during sentencing for plain error. *Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009). To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* at 1429. If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Even if Trejo could establish that the district court committed obvious error by failing to articulate the reasons for the sentence it imposed, we find that the potential error could not have affected Trejo's substantial rights. "In the sentencing context, we have held that an appellant can show an impact on substantial rights—and therefore a basis for reversal on plain error review—where the appellant can show a reasonable probability that, but for the district court's error, the appellant would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010) (citation omitted).

However, the district court's revocation sentence fell within the applicable Guidelines range, that is 12 to 18 months. Accordingly, "we 'infer that the [district court] has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a).'" *United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009) (citation omitted); *see United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Nor did Trejo present legitimate reasons under § 3553(a) for a downward departure from the Guidelines, which would have required more explanation from the district court. *Mondragon-Santiago*, 564 F.3d at 362. Thus, because we must infer that the district court considered the applicable sentencing factors, Trejo cannot show

No. 11-10088

a reasonable probability "that an explanation would have changed his sentence." *Id.* at 365. In short, "we are bound by our precedent to hold that the district court's failure to adequately explain the sentence did not affect his substantial rights. Thus, we find no reversible plain error." *Id.*

Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.